404 So.2d 785 (1981)
Cookie Alderman GARRIS, Appellant,
v.
James Henry CRUCE, Jr. and Margaret June Diehl, Appellees.
No. ZZ-472.
District Court of Appeal of Florida, First District.
October 1, 1981.
Rehearing Denied November 6, 1981.
Thomas F. Woods of Woods, Johnston & Carlson, Tallahassee, for appellant.
Ernest M. Page, Jr., Madison, for appellees.
MASON, ERNEST E. (Retired), Associate Judge.
Appellant appeals from a final summary judgment holding that her complaint for declaratory decree is barred by the various statutes of limitations contained in Chapter 95, Florida Statutes. We affirm.
James H. Cruce died intestate on March 28, 1963. At the time of his death he owned certain real property in Madison County, Florida, which constituted his homestead under the laws of the State of Florida for the purpose of descent and distribution. At the time of his death, he was married to and survived by Lizzie A. Cruce, who retained a life estate in the homestead property. Born of their marriage were two children, James H. Cruce, Jr. and Margaret June Diehl.
Lizzie Cruce died on November 15, 1979. On April 17, 1980, appellant Cookie Alderman Garris, filed a complaint for declaratory decree seeking a determination that she was the illegitimate child of James H. Cruce and Mary Bell Alderman. Thus, she claimed an interest as a lineal descendant of James H. Cruce pursuant to Section 732.401, Florida Statutes, to one-third of the homestead property. The trial judge, however, found that appellant's cause of action if any, accrued on March 28, 1963, and was barred by the statutory limitations of Chapter 95, Florida Statutes. Appellant urges that this determination was incorrect and that the cause should proceed to a trial on the merits.
Appellant correctly notes that, as a general rule, the statute of limitations will not run against a remainderman prior to the termination of a life tenancy where the life tenant's conduct is consistent with his or her duty toward the remainderman. *786 Wagner v. Moseley, 104 So.2d 86, 90 (Fla.2d DCA 1958). Upon close examination, this rule has no application to this case. Our concern is whether appellant has timely asserted her claim for paternity. Her rights and benefits as an heir, and thus as a remainderman, flow only upon a determination that she is a natural child of the deceased. However, if the filial relationship is not so properly determined, it follows that she would have no status as an heir, and thus no remainder interest in the intestate's estate.
We hold that appellant's substantive rights, if any, as an heir of James H. Cruce vested at the time of his death in 1963. In Re Estate of Burris, 361 So.2d 152, 156, n. 5 (Fla. 1973). However, infants not being sui juris, the statute of limitations for initiating this paternity action, Section 95.11(3)(b), Florida Statutes, could not run against appellant during her infancy. See Commercial Building Company v. Parslow, 93 Fla. 143, 112 So. 378 (1927). Nevertheless, since appellant reached her majority on September 15, 1972, the limitation period prescribed by Section 95.11(3)(b) had run by the time she filed her suit on April 17, 1980.
Appellant also urges that Section 95.11(3)(b) is unconstitutional, citing State, Dept. of Health, etc. v. West, 378 So.2d 1220 (Fla. 1979). However, the language of West belies such an argument:

The only proper application of the statute of limitations [Section 95.11(3)(b)] to child support claims would be to those claims that have accrued in the past but which are not adjudicated. The state could properly say that a claim for child support not made within a certain time after it accrued is barred. However, since the duty of support continues throughout the minority of the child, new causes of action are being created each day that the natural father does not provide support. This duty of future support cannot be barred for illegitimate children if it is allowed for legitimate children. (emphasis supplied)
West, at 1228.
Similarly, since appellant's rights, if any, as an heir vested at the time of James H. Cruce's death in 1963, the statute of limitations could properly run on her claim without offending any equal protection guarantees.
AFFIRMED.
McCORD and SHIVERS, JJ., concur.