KAHN, Judge.
Shirley I. Scruggs appeals from a final summary judgment in which the trial court determined that the statute of limitations in section 95.11(3)(b), Florida Statutes (1991), bars her from bringing an action to determine her paternity for purposes of intestate succession. We find that Ms. Scruggs may institute an action to establish her paternity in a probate proceeding and reverse.
Ms. Scruggs was born out of wedlock in 1932. Her birth certificate lists her parents as Emily Isabel Johns and Charles Smith. Charles W. Smith died January 18,1992. On January 28, 1992, his will was admitted to probate, and appellees Dale S. Wilson and Harold “Buddy” Jimmison were appointed personal representatives. Ms. Scruggs was not a beneficiary under the will. On April 20, 1992, Ms. Scruggs filed a Petition for Revocation of Probate and Letters of Administration in which she alleged that Smith lacked testamentary capacity to make his will and that the will was the product of undue influence. Ms. Scruggs maintained that she was the natural daughter of Smith and would inherit under the laws of intestacy if the trial court revoked the will. The personal representatives moved to dismiss for lack of standing. The trial court granted the motion to dismiss, finding that Ms. Scruggs’ claim was barred by the statute of limitations for adjudication of paternity, section 95.11(3)(b), Florida Statutes (1991).[1] Ms. Scruggs filed a motion for rehearing which was denied. Ms. Scruggs then filed an Amended Petition for Revocation of Probate and Letters of Administration in which she alleged that Smith had acknowledged paternity in writing. The personal representatives filed a Motion for Summary Judgment which the trial court granted after determining that there was no factual issue as to the allegation that Smith acknowledged paternity of Ms. Scruggs since Ms. Scruggs failed to submit any proof of the allegation. The trial court also reiterated its prior ruling that the statute of limitations bars Ms. Scruggs from adjudicating her paternity.
An illegitimate child is a lineal descendant of the father if “[t]he paternity of the father is established by an adjudication before or after the death of the father.” § 732.108(2)(b), Fla.Stat. (1991) (e.s.). Prior to the effective date of this provision in 1976, an illegitimate could only inherit from the father if the father had acknowledged the child in writing. § 732.29, Fla.Stat. (1973).[2]
*1154 Section 732.108(2)(b) does not by its terms require the adjudication of paternity by an action pursuant to chapter 742. To the contrary, it would seem to us that inclusion in the Probate Code, chapter 732, of a provision allowing intestate succession by the illegitimate child of a father indicates that the issue of paternity may be properly adjudicated in the probate proceeding. Indeed, chapter 742 confirms our view:
This chapter provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock. When the establishment of paternity has been raised and determined within an adjudicatory hearing brought under the statutes governing inheritance, dependency under workers’ compensation or similar compensation programs, or vital statistics, it shall constitute the establishment of paternity for purposes of this chapter.
§ 742.10, Fla.Stat. (1991) (e.s.).
Since establishment of paternity may be accomplished “under the statutes governing inheritance,” we must determine whether the limitations provision relied upon by the trial judge, section 95.11(3)(b), applies to the present action, brought pursuant to section 732.108(2)(b).
Before its 1986 amendment, section 95.-11(3)(b) provided merely that an action relating to the determination of paternity must be brought within four years. This provision had existed since 1974. § 95.11(3)(a), Fla.Stat. (Supp.1974). Its antecedent in the lineage of current section 95.11(3)(b) was enacted in 1959 as section 95.11(9), Florida Statutes (1959), and was the first statute of limitations made specifically applicable to paternity actions.[3] This law provided that an action to establish paternity must be brought before the child reaches the age of four years or within four years of the last payment of support by the alleged father. On its face, then, the precursor statute fits within the framework of an action for support.
In further exploring the applicability of the statute of limitations, it is useful to examine the derivation of the Probate Code section under which appellant seeks her remedy. Before 1974, an illegitimate child could not inherit from her father unless the father had acknowledged the child in writing. § 731.29, Fla.Stat. (1973). The present section 732.-108(2)(b) emanates from chapter 74-106, Laws of Florida. Since an illegitimate who could not prove written acknowledgement could not inherit before passage of this law, we may safely conclude that during such time a paternity statute of limitations could never have been applied to bar determination of the right to inherit, nor could such an application have been contemplated by the legislature.
After the enactment of section 732.-108(2)(b), a court observed that the “legislature clearly intended that an action could be maintained for the determination of paternity for inheritance purposes.... ” In re Estate of Odom, 397 So.2d 420, 422 (Fla. 2d DCA 1981). The same court approved the holding of C.L.W. v. M.J., 254 N.W.2d 446 (N.D.1977), in which the North Dakota Supreme Court held “that the mother’s right to bring an action during the father’s lifetime to obtain a determination of paternity and support is a separate and distinct remedy from an action to determine paternity for the right to inherit.” 397 So.2d at 424. The North Dakota court said, and we now agree, “The two are separate remedies for separate purposes.” 264 N.W.2d at 450.
Acknowledging that the action to inherit is a separate remedy from a paternity action to establish support, we should not merely assume that the same statute of limitations applies to each. The action to inherit is a distinct statutory cause of action, not within the contemplation of the bar imposed by section 95.11(3)(b). The trial court erred by construing section 95.11(3)(b) as applying to frustrate appellant’s effort to establish paternity solely for purposes of inheritance.
Moreover, having examined this matter in light of the Florida Constitution, we question the trial court’s use of a 1986 statute to bar a cause of action which, under *1155 the terms of the statute, would have expired in 1957, four years after appellant attained her majority. Absent clear legislative intent to the contrary, the presumption is against retroactive application of a statute of limitations. Durring v. Reynolds, Smith & Hills, 471 So.2d 603 (Fla. 1st DCA 1985). Here, since Mr. Smith did not die until 1992, retroactive application of the statute would violate Ms. Scruggs’ constitutional right of access to the courts in contravention of article I, section 21 of the Florida Constitution. Overland Constr. Co., Inc. v. Sirmons, 369 So.2d 572, 573 (Fla.1979).[4]
We recognize that Dwrring and Overland Constr. Co. tested the constitutionality of statutes of repose, and not statutes of limitation. These cases nonetheless apply to our analysis. This is so because in the present case the statute, as applied by the trial court, acts as a statute of repose, barring appellant’s cause of action long before it ever accrued. See Whigham v. Shands Teaching Hosp. and Clinics, Inc., 613 So.2d 110, 112, n. 4 (Fla. 1st DCA 1993) (“A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. ...”).
In 1979 the supreme court in State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979), found section 95.11(3)(b), Florida Statutes (1975),[5] to be unconstitutional under the state and federal constitutions. The court weighed the state’s objective to avoid stale claims against the impact of the statute upon illegit-imates deprived of their right to support. The observations of the West court, striking down the statute on equal protection grounds, are instructive today:
Although proof of paternity may become more difficult with the passage of time, this mere possibility cannot be allowed to work an unconstitutional discrimination against illegitimate children.
* * * * * *
The only proper application of the statute of limitations to child support claims would be to those claims that have accrued in the past but which are not adjudicated. The state could properly say that a claim for child support not made within a certain time after it accrued is barred. However, since the duty of support continues throughout the minority of the child, new causes of action are being created each day that the natural father does not provide support. This duty of future support cannot be barred for illegitimate children if it is allowed for legitimate children.
378 So.2d at 1227-1228. The court thus addressed, and rejected, a policy argument based upon reducing stale claims. Further, although the court spoke in the idiom of equal protection, its resolution of the issue is germane to access to courts analysis — a support claim that had not yet accrued could not be barred. Thus unaccrued future support, available to legitimate offspring, could not be denied those bom out of wedlock.
Ms. Scruggs’ right to inherit did not vest until Smith died in 1992. § 732.-101(2), Fla.Stat. (1991); Garris v. Cruce, 404 So.2d 785 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 876 (Fla.1982). It is well established that a statute of limitations will not begin to run until the occurrence of the last event which gives rise to the cause of action. § 95.031, Fla.Stat. (1991); Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992); Hynd v. Ireland, 582 So.2d 772 (Fla. 4th DCA 1991). This maxim is inconsistent with an application of section 95.11(3)(b), since the statute purports to bar the action four years after the chüd attained the age of majority, an event which, as we have observed, took place some thirty-five years before Smith died. Preemption of appellant’s claim by use of a statute which never allowed the claim to arise offends the Florida Constitution. We *1156 reach this result on access to courts grounds. We note, however, that a decision otherwise would place a burden on an illegitimate child seeking to inherit, not shared by legitimate offspring. West, supra. But see, Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978) (Supreme Court without majority opinion upheld a New York statute which allowed an illegitimate child to inherit only if a court, during the father’s lifetime, has entered an order declaring paternity).[6] As applied below, the statute also treats similarly situated illegitimate children with disparity— for the child whose father dies during the child’s minority, the right to seek inheritance is always preserved; for the child who is twenty-two or older at her father’s death, the right would never be preserved.
Section 95.11(3)(b), as crafted by the legislature and applied by the trial court, would retroactively bar an action over three decades before the action accrued.[7] It would also bar an action that was unknown to Florida law at the time the supposed bar attached. We conclude that the legislature, when it last amended the statute in 1986, neither anticipated nor intended its applicability to the facts at bar. Therefore on both statutory construction grounds and constitutional grounds we hold that section 95.11(3)(b) may not be utilized to bar appellant’s action for inheritance. Since her petition was timely for purposes of the Probate Code, she may proceed.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.

. Section 95.11(3)(b), Florida Statutes, provides that an “action relating to the determination of paternity” must be brought within four years, “with the time running from the date the child reaches the age of majority."

. This provision was held unconstitutional because it violated an illegitimate child’s right to equal protection. In re Estate of Burris, 361 So.2d 152 (Fla.1978).

. Prior to 1959, a “bastardy” proceeding was subject to a three year statute of limitations under former section 95.1 1(5)(a) which applied to "a liability created by statute.” Wall v. Johnson, 78 So.2d 371, 373 (Fla.1955).

. Florida’s constitutional guarantee of access to courts restrains the legislature from abolishing a pre-existing statutory or common-law cause of action without providing an alternative form of redress. See Kluger v. White, 281 So.2d 1 (Fla.1973). The right to prove paternity in court was originally established by the Bastardy Act of 1828. B.J.Y. v. M.A., 617 So.2d 1061 (Fla.1993).

. This is the same statute as section 95.11(3)(a), Florida Statutes (Supp.1974), supra.

. Although we note the result in Lalli, we need not share the United States Supreme Court's concern with the availability of the putative father as "a substantial factor contributing to the fact-finding process.” 439 U.S. at 271-272, 99 S.Ct. at 526 (Powell, J. with two justices concurring). In Florida, the legislature has already decided that paternity may be proven after the father’s death. § 732.108(2)(b); West, 378 So.2d at 1225, n. 5.

. In Doe v. Shands Teaching Hospital and Clinics, Inc., 614 So.2d 1170 (Fla. 1st DCA), rev. denied, 626 So.2d 204 (Fla.1993), we upheld the medical malpractice statute of repose, section 95.11(4)(b), Florida Statutes (1983), in the face of an access to courts challenge, even though the claim in that case was barred before the plaintiff knew or could have reasonably known she had an injury. As we specifically noted, however, a different analysis could be made where a new statutory enactment intervened to abolish an existing cause of action. 614 So.2d at 1171. Here the 1986 statute came into being many years after appellant surpassed four years beyond the age of majority. The right of action in the present case is more like that in Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981).