ON MOTION FOR REHEARING GRANTED
GRIMES, Justice.
We review In re Estate of Smith, 640 So.2d 1152 (Fla. 1st DCA 1994), which expressly and directly conflicts with King v. Estate of Anderson, 519 So.2d 67 (Fla. 5th DCA 1988), and which declares a state statute to be invalid. We have jurisdiction. Art. Y, § 3(b)(1), 3(b)(3), Fla. Const.
The decedent Charles Smith died in 1992, leaving a will which was admitted to probate shortly after his death. Shirley Scruggs, at the age of sixty, filed a petition for revocation of probate and letters of administration, alleging that Smith had lacked testamentary capacity to make his will and that the will was the product of undue influence. Scruggs further alleged that she was the natural daughter of Smith and would inherit under the laws of intestacy if the will were revoked.
The trial court dismissed Scruggs’ claim, finding that section 95.11(3)(b), Florida Statutes (1991), the statute of limitations for adjudication of paternity, barred Scruggs’ claim. The district court of appeal reversed and remanded, holding that. section 95.11(3)(b) did not apply to bar Scruggs from bringing a paternity action in probate under section 732.108(2)(b), Florida Statutes (1991), for the purpose of establishing her right to intestate succession. The district court also concluded that if section 95.11(3)(b) were construed to bar Scruggs’ claim, the statute would violate the equal protection and access to courts provisions of this state’s constitution as well as the equal protection clause of the United States Constitution.
Section 95.11 states in relevant part:
95.11 Limitations other than for the recovery of real property. — Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(3) WITHIN FOUR YEARS.—
[[Image here]]
(b) An action relating to the determination of paternity, with the time running from the date the child reaches the age of majority.
In holding section 95.11(3)(b) inapplicable to Scruggs’ claims, the district court of appeal referred to section 732.108(2), which reads as follows:
(2) For the purpose of intestate succession in cases not covered by subsection (1), a person born out of wedlock is a lineal descendant of his mother and is one of the natural kindred of all members of the mother’s family. The person is also a lineal descendant of his father and is one of the natural kindred of all members of the father’s family, if:
(a) The natural parents participated in a marriage ceremony before or after the birth of the person born out of wedlock, even though the attempted marriage is void.
(b) The paternity of the father is established by an adjudication before or after the death of the father.
(c) The paternity of the father is acknowledged in writing by the father.
The court reasoned that section 732.108(2)(b), which was enacted in 1974, created a new statutory cause of action that was not subject to the time bar imposed by section 95.11(3)(b). The court concluded that section 95.11 applied only to paternity actions brought pursuant to chapter 742.[1]
*1208 At the outset, we agree with the court below that paternity may be established in the course of probate proceedings. Section 742.10, Florida Statutes (1991), confirms this, providing in part:
742.10 Establishment of paternity for children born out of wedlock. — This chapter provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock. When the establishment of paternity has been raised and determined within an adjudicatory hearing brought under the statutes governing inheritance, dependency under workers’ compensation or similar compensation programs, or vital statistics, it shall constitute the establishment of paternity for purposes of this chapter.
However, the fact that paternity may be adjudicated in the course of probate proceedings does not mean that section 95.11(3)(b) is inapplicable to such proceedings. To the contrary, the reasoning of the court below ignores the plain language of section 95.11(3)(b), which states that it applies to an “action relating to the determination of paternity.” Clearly, an adjudication under section 732.108(2)(b) is an action relating to the determination of paternity. Furthermore, chapter 95, entitled “Limitations of Actions; Adverse Possession,” sets forth the limitations for all civil actions or proceedings unless a different time is prescribed elsewhere. § 95.011, Fla. Stat. (1991). There is no provision in the probate code which removes paternity adjudications brought in probate from the general statute of limitations of section 95.11(3)(b). Therefore, section 95.11(3)(b) applies. The Fifth District Court of Appeal reached the same conclusion in King.
Nor do we agree that section 732.108(2)(b) creates a separate and distinct statutory cause of action which begins to run upon the death of the putative father rather than when the child reaches the age of majority.[2] While it may be presúmed that most paternity actions under chapter 742 are brought in order to obtain support, any determination of paternity made in such proceedings also determines paternity for purposes of intestate succession. Whether it is brought to obtain child support payments or to establish inheritance rights, a paternity action in either case must first adjudicate the preliminary issue of paternity. The statute of limitations applies to all adjudications of paternity and does not discriminate with respect to the ultimate purpose for which they are brought. The ability to conduct adjudications of paternity within different procedural contexts or for different purposes does not make them distinct causes of action or exempt them from a generally applicable statute of limitations in the absence of legislation to the contrary. To- adopt the view of the court below would mean that in every instance a paternity claim could be strategically delayed until the death of the putative father, thereby depriving him of the opportunity to deny the claim.[3] See Lalli v. Lalli 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978) (in upholding New York statute which allowed inheritance by illegitimate child only if paternity order had never been entered during child’s lifetime, Court expressed concern with the availability of the putative father as a substantial factor contributing to the fact-finding process).
Scruggs relies on In re Estate of Greenwood, 402 Pa.Super. 536, 587 A.2d 749 (1991), appeal denied, 529 Pa. 634, 600 A.2d 953 *1209 (1991), and 529 Pa. 634, 600 A.2d 954 (1991), which held that the statute of limitations for paternity actions did not apply to adjudications of paternity in probate for the purpose of proving heirship. We do not find Greenwood persuasive, as Pennsylvania’s statutory framework differs from Florida’s in several ways. First, the statute of limitations at issue in Greemvood was housed in a chapter entitled “Support Matters Generally.” Id. 587 A.2d at 752. Second, the Pennsylvania statute of limitations expressly referred to proceedings brought under the chapter for support. Id. Third, Pennsylvania law provided for two different standards of proof to establish paternity, depending upon the purpose for which the paternity suit was being brought, Id. at 754.
Having determined that section 95.11(3)(b) applies to any paternity action regardless of the purpose for which it is brought, we now turn to the constitutional question. When Scruggs was born, the applicable statute of limitations for paternity actions was three years running from the date of birth. A later statute which set the limitations period at four years from the date of birth was attacked in Department of Health & Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979). West involved a paternity action brought by the Department for the purpose of obtaining child support. However, the suit had been filed a few months after the child’s fourth birthday. The Court held that section 95.11(3)(b) was unconstitutional. In reaching our conclusion, we said:
The only proper application of the statute of limitations to child support claims would be to those claims that have accrued in the past but which are not adjudicated. The state could properly say that a claim for child support not made within a certain time after it accrued is barred. However, since the duty of support continues throughout the minority of the child, new causes of action are being created each day that the natural father does not provide support. This duty of future support cannot be barred for illegitimate children if it is allowed for legitimate children.
West, 378 So.2d at 1228. Thus, our holding in West was based on the premise that a child has a continuing right to child support until the age of majority that cannot be cut off before it has accrued. It is clear that we did not declare the statute facially unconstitutional but rather as applied to claims for child support.
Subsequent decisions have recognized that West declared section 95.11(3)(b) unconstitutional only as applied. In Garris v. Cruce, 404 So.2d 785 (Fla. 1st DCA 1981), review denied, 413 So.2d 876 (Fla.1982), a paternity suit was filed in 1980 seeking a determination that Garris was the child of Cruce and therefore entitled to inherit from Cruce. The court held that Garris’s claim was barred by the statute of limitations because she was born in 1949. In response to the argument that West had declared section 95.11(3)(b) unconstitutional, the court referred to the language quoted above from West approving the statute of limitations insofar as it set a time period for filing claims after they had accrued. The court pointed out that the limitations period prescribed by section 95.11(3)(b) already had run by the time Gar-ris filed suit.
The court employed a similar analysis in J.E.W. v. Estate of John Doe, 481 So.2d 921 (Fla. 1st DCA 1985), review denied, 484 So.2d 9 (Fla.1986), in which the court’s entire opinion stated:
The motion for rehearing is DENIED. State Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979) is distinguishable from this case. In West the state was concerned with support of the minor child during the life of the father. The state’s interest in securing support payments for the minor child is greater than avoiding stale claims. The instant case is one for declaratory judgment of paternity with no benefits sought or other relief claimed. It is a pure paternity action and barred by section 95.11(3)(b), Florida Statutes (1981). The appellant cannot seek áupport from the estate of his deceased father. Flagler v. Flagler, 94 So.2d 592 (Fla.1957). Flagler is a clear statement of the law and this court is obligated to follow that precedent.
Before West, this Court recognized the applicable statute of limitations in pater *1210 nity actions as valid. Wall v. Johnson, 78 So.2d 371 (Fla.1955). Therefore, when Scruggs failed to bring a paternity action within the time required by the then valid statute of limitations, her claim was extinguished. Once a claim has been extinguished by the applicable statute of limitations, the claim cannot be revived because a constitutionally protected property right to be free from the claim has vested in the defendant. Wiley v. Roof, 641 So.2d 66 (Fla.1994); accord Firestone Tire & Rubber Co..v. Acosta, 612 So.2d 1361 (Fla.1992).
In 1986, subsequent to West, the legislature passed a comprehensive social services act which contained several provisions relating to paternity. Ch. 86-220, Laws of Fla. Among them was section 139, which read:
Section 139. Paragraph (b) of subsection (3) of section 95.11, Florida Statutes, is amended to read:
95.11 Limitations other than for the recovery of real property. — Actions other than for recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS.—
(b) An action relating to the determination of paternity, with the time running from the date the child reaches the age of majority.
The fact that the legislature was purporting to amend an existing statute rather than enact a new one indicates that the legislature itself recognized subsection (3)(b) was still on the books. The purpose of the amendment was to accommodate the decision in Wesi. However, the 1986 amendment provides Scruggs no solace because even under its terms her claim had long since expired.[4] Further, even if it could be argued that Scruggs was entitled to four additional years under the amended statute, she failed to make her claim "within four years after the amendment was passed.
Accordingly, we find that' section 95.11(3)(b) applies to paternity actions brought in probate to determine heirship. We approve King and disapprove Odom to the extent that it conflicts with our opinion. We also hold that the application of the statute of limitations for paternity actions to Scruggs’ claim is not unconstitutional. We quash the decision below and direct that the judgment of dismissal be reinstated.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.

. Chapter 742, Florida Statutes (1991), entitled "Determination Of Paternity,” states in section 742.011 that “any child may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.”

. Scruggs relics on In re Estate of Odom, 397 So.2d 420 (Fla. 2d DCA 1981), for the proposition that section 732.108(2)(b) creates an entirely different cause of action. Odom, however, was concerned with reconciling section 732.108(2)(b), which allows an adjudication of paternity after death, with Bell v. Setzer, 375 So.2d 61 (Fla. 2d DCA 1979), which held that a paternity action for child support under chapter 742 abates upon the death of the putative father. While the duty of support of minor children may abate upon the death of the putative father, we disagree that the cause of action to establish paternity abates upon death as well. We also disagree with the premise that section 732.108(2)(b) creates an independent cause of action. That section merely explains the effect in probate of an adjudication of paternity. We note also that the child in Odom was a minor; thus, the Odom court did not address whether the statute of limitations applied in probate.

. Of course, the statute does not serve to bar a claim made after the death of the putative father where the claim was filed within four years of the child’s reaching majority.

. While section 160 of chapter 88-220 stated that the amendment of any law by that act would not affect any previously accrued cause of action, this provision did not purport to reinstate causes of action which were already extinguished.