KLEIN, Judge.
The issue presented by this appeal is whether the decedent’s written acknowledgment that he was the father of the appellee, Elizabeth Holmen, settled the question of paternity for purposes of intestate succession pursuant to section 732.108, Florida Statutes (1995). Appellants contend that it created only a rebuttable presumption of paternity pursuant to section 742.10(1), Florida Statutes. We affirm a summary judgment holding that section 732.108 controls.
Decedent, who died in January of 1995, had been involved with a woman who gave birth to a child in December of 1992. In March of 1994 the decedent executed an affidavit acknowledging his paternity of the child, filed the affidavit with the State of Florida, and an amended birth certificate was issued showing the decedent to be the child’s, father.
In the probate of decedent’s estate, the child’s mother filed a petition seeking a determination that the child would inherit as a pretermitted child. The mother then moved for summary judgment grounded on section 732.108(2), which provides:
(2) For the purpose of intestate succession in cases not covered by subsection (1), a person born out of wedlock is a lineal descendant of his mother and is one of the natural kindred of all members of the mother’s family. The person is also a lineal descendent of his father and is one of the natural kindred of all members of the father’s family, if:
¡I» ‡ í[» ‡ ‡
(c) The paternity of the father is acknowledged in writing by the father.
The appellants, who contested the petition, argued that the decedent’s affidavit created only a rebuttable presumption. They wanted the opportunity to demonstrate by scientific testing and other evidence that the decedent was not in fact the father of the child. They relied on section 742.10(1), Florida Statutes which provides:
(1) This chapter provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock. When the establishment of paternity has been raised and determined within an adjudicatory hearing brought under the statutes governing inheritance, dependency under workers’ compensation or similar compensation programs, or vital statistics, or when an affidavit acknowledging paternity or a stipulation of paternity is executed by both parties and filed with the clerk of the court, or when a consenting affidavit as provided for in s. 382.013(6)(b) is executed by both parties, it shall constitute the establishment of paternity for purposes of this chapter. If no adjudicatory proceeding was held, a voluntary acknowledgment of paternity shall create a rebuttable presumption as defined by s. 90.304, of paternity ...
§ 742.10(1), Fla. Stat. (1995) (emphasis added).
In In re Estate of Smith, 685 So.2d 1206, 1208 (Fla.1996), the supreme court agreed with the conclusion of the first district and held that “paternity may be established in the course of probate proceedings.” The first district had concluded that section 732 does not require that an adjudication of pa *868 ternity in probate be by an action pursuant to chapter 742, explaining:
To the contrary, it would seem to us that inclusion in the Probate Code, chapter 732, of a provision allowing intestate succession by the illegitimate child of a father indicates that the issue of paternity may be properly adjudicated in the probate proceeding.
In re Estate of Smith, 640 So.2d 1152, 1154 (Fla. 1st DCA 1994), quashed on other grounds, 685 So.2d 1206 (Fla.1996). Both the supreme court and first district pointed out that section 742.10(1), which we set forth above, provides that where paternity has been determined in an adjudicatory hearing under statutes governing inheritance, etc., it constitutes paternity for purposes of chapter 742.
Based on Estate of Smith, we agree that chapter 732 controls in this probate proceeding. The decedent’s written acknowledgment in this case thus establishes paternity for purposes of intestate succession[1], and we therefore affirm the summary judgment.
GLICKSTEIN, J., and OFTEDAL, RICHARD L., Associate Judge, concur.

. Appellants argue that our literal interpretation of the statute can lead to an absurd result in a case in which the decedent was, for example, mentally incompetent at the time of the acknowledgment in writing. We do not address that issue, because no such contention is being made in this case.