PER CURIAM.
American Airlines, Inc. appeals from orders appointing a personal representative, granting a motion to dismiss its petition to determine beneficiaries and denying its motion for summary judgment. We affirm.
Gilberto Restrepo, a Colombian national, died in an American airplane accident-on December 20,1995. The decedent’s widow was appointed personal representative of the decedent’s estate by the probate division of the circuit court. She filed a wrongful death claim in federal court against American asserting claims on behalf of the estate, herself, and the three minor children of the marriage.
Rodrigo Montero, an alleged illegitimate child of the decedent, also filed a wrongful death suit in federal court. The two wrongful death actions were consolidated. In April 1998, American settled the wrongful death suit as to the estate, the widow and the three minor children. Mr. Monte-ro’s claim remained pending in federal court.
After the partial settlement, the widow filed a motion in the probate division to be discharged as personal representative. This was apparently without notice to Mr. Montero. The motion was granted and the estate was closed.
American took the position that a Florida wrongful death action can only be brought by a personal representative, see § 768.20, Fla. Stat. (1997), and that Mr. Montero could not proceed individually. Mr. Montero agreed. American and Mr. Montero both petitioned the probate division to reopen the probate estate. Mr. Montero further requested the court appoint him as the successor personal representative of the estate. Neither the former personal representative nor any beneficiary of the estate objected to the appointment of Mr. Montero as the personal representative. American, however, objected to the request. The probate court reopened the estate and, over American’s objection, appointed Mr. Montero as personal representative.
American filed a motion for rehearing concerning the court’s order appointing Mr. Montero as the personal representative arguing that pursuant to section 733.304, Florida Statutes (1997), the probate court improperly appointed Mr. Montero as the successor personal representative because he is a nonresident of Florida and the court had not made a finding that he was a lineal deseendent of *589 the decedent before appointing him personal representative.[1] In addition, American filed a petition to determine beneficiaries and moved for summary judgment on its petition arguing that Mr. Montero was time barred from proving that he was the son of the decedent. Mr. Montero filed a motion to dismiss American’s petition for determination of beneficiaries claiming that American was not an interested person pursuant to section 733.105(3), Florida Statutes (1997),[2] and that the probate court should abate the action in favor of the wrongful death claim pending in federal court.
The probate court denied American’s petition for rehearing of the order appointing Mr. Montero as personal representative and granted Mr. Montero’s motion to dismiss the petition.
In the present case, the wrongful death action was resolved with only Mr. Montero’s claim remaining. It was understood among the parties that settlement of the other wrongful death claims would be without prejudice to Mr. Montero to proceed with his claims, and neither the former personal representative nor the beneficiaries of the estate had an objection to the appointment of Mr. Montero as the successor personal representative. All other probate matters had concluded. On the unique facts of this case, we decline to disturb the trial court’s order which in substance provisionally appointed Mr. Montero as the personal representative in order to pursue his claim, without adjudicating the issue of whether he is the son of the decedent.[3]
As to American’s petition to determine beneficiaries, the determination of whether Mr. Montero is the son of the decedent is already an element of the wrongful death suit in federal court. Under the facts of this case, it was within the discretion of the probate court to defer to the already pending federal court action. That being so, we need not address Mr. Montero’s claim that American was not an interested person for affirmance.[4]
Affirmed.

. Section 733.304, Florida Statutes, provides:
A person who is not domiciled in the state cannot qualify as personal representative unless the person is:
(1) A legally adopted child or adoptive parent of the decedent;
(2) Related by lineal consanguinity to the decedent;
(3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or
(4) The spouse of a person otherwise qualified under this section.

. That section provides in pertinent part: "(3) When it is necessary to determine who are or were the heirs or devisees, the court may make a determination, on the petition of any interested person 733.105(3) (emphasis added).

. The order appointing Mr. Montero as the personal representative states that he is entitled to the appointment because "he is the nearest adult heir in degree with the decedent.” At the hearing on this issue, however, the court stated that it was appointing Mr. Montero as personal representative, “and of course all heirs will be determined appropriately.” It is clear that it was the court's intent to allow Mr. Montero to proceed in federal court with the understanding that the ruling was without prejudice to American's right to dispute Mr. Montero's claim that he is the son of the decedent.

.In support of its petition to determine beneficiaries, American argued that section 95.11(3)(b), Florida Statutes (1997), requires an action for paternity to be filed within four years of the date the child reaches the age of majority. American claimed that because Mr. Montero failed to commence an action to determine paternity within four years of reaching majority, Mr. Montero was time barred from establishing that he had an interest in the estate as an heir or survivor of the decedent. See In re Estate of Smith, 685 So.2d 1206, 1208 (Fla.1996). Assuming, without deciding, that Smith applies in this *590 context, Mr. Montero's wrongful death suit in federal court was filed within four years of the date he reached the age of majority and was therefore timely filed. We need not reach the question whether a petition to appoint a personal representative is, in and of itself, "an action relating to the determination of paternity,” § 95.11(3)(b), Fla. Slat, (as opposed to a preliminary step in a probate proceeding) such that the time bar would apply to Mr. Montero's petition to .be appointed successor personal representative.