PER CURIAM.
Mary Fagan claims that she is the only lineal descendant of the decedent, Ruth Emma Lee, and is entitled to inherit Lee’s entire estate under section 732.103(3), Florida Statutes (2000). Fagan asserts that she is the out of wedlock daughter of Lee’s deceased brother. In the probate proceeding below, the estate filed its motion for summary judgment upon which the trial court found that Fagan was not a lineal descendant of the decedent. It found that Fagan had not offered any evidence to comply with the requirements of section 732.108(2), Florida Statutes (2000), and that her affidavits did not create a material issue of law or fact. We reverse.
Section 732.108(2) provides:
(2) For the purpose of intestate succession in cases not covered by subsection (1), a person born out of wedlock is a lineal descendant of his or her mother and is one of the natural kindred of all members of the mother’s family. The person is also the lineal descendant of his or her father and is one of the natural kindred of all members of the father’s family, if:
(a) The natural parents participated in a marriage ceremony before or after the birth of the person born out of wedlock, even though the attempted marriage is void.
(b) The paternity of the father is established by an adjudication before or after the death of the father.
(c) The paternity of the father is acknowledged in writing by the father.
The paternity of the father may be established in a proceeding to determine intestate succession. In re Estate of Smith, 685 So.2d 1206, 1208 (Fla.1996). Subsection (b) permits paternity to be proven “by evidence other than a written acknowledgment of paternity by the father or the marriage of the natural parents before or after the birth of the person born out of wedlock.” Breedlove v. Estate of Breedlove, 586 So.2d 466, 467 (Fla. 1st DCA 1991). Such evidence must be clear and convincing. Id.
Although at the time of the summary judgment Fagan did not as yet have evidence to meet the requirements of subsections (a) or (c), Fagan did present evidence that Lee’s brother was her natural father and the trial court failed to consider adjudicating Fagan’s paternity during the pro *947 bate proceedings. The evidence raises genuine issues of material fact which preclude summary judgment. Therefore, we reverse and remand for further proceedings.
REVERSED and REMANDED.
GUNTHER, WARNER and HAZOURI, JJ., concur.