# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-371
Lower Tribunal Nos. 13-337, 13-2299
_____

**Stephen C. Rose,**
Appellant,

vs.

**Meredith Sonson and Jennifer Sonson, as Co-Personal Representatives of the Estate of Stephen R. Sonson,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Michael A. Genden, Judge.

Billbrough & Marks and Geoffrey B. Marks; Luis E. Barreto, for appellant.

Holland & Knight and Rodolfo Sorondo, Jr., Lee P. Teichner and Frances G. De La Guardia, for appellees.


Before WELLS, SHEPHERD and SCALES, JJ.

WELLS, Judge.

In this probate action, Stephen C. Rose, the putative child of the decedent Stephen Sonson, appeals from a final order granting the co-personal representatives of the Sonson estate's motion to dismiss with prejudice Rose's amended counter-petition for paternity. We affirm for three reasons: first, because by the time Rose's petition was filed, his paternity claim had already been extinguished by section 95.11(3)(b) of the Florida Statute (1986), the applicable statute of limitations; second, because the 2009 amendment to section 732.108(2)(b) of the Florida statutes, which eliminated application of section 95.11(3)(b) to paternity determinations in probate proceedings relating to intestate succession, does not apply retroactively; and, third, even if the 2009 amendment to section 732.108(2)(b) were retroactive in application, it could not breathe new life into Rose's previously extinguished claim.

The facts are relatively undisputed. Rose was born out of wedlock in New York State on December 25, 1964. At the time Rose was born, and until October 1986 when section 742.011 of the Florida Statutes was amended, only the mother of a child born out of wedlock could bring suit to establish paternity. See § 742.011, Fla. Stat. (1982) ("Any woman who shall be pregnant or delivered of a child may bring proceedings in the circuit court, in chancery, to determine the paternity of such child."); Ch. 86-220, § 150, at 1723, Laws of Fla. (amending section 742.011 to permit, in addition to mothers, both putative children and

2

putative fathers to bring paternity actions). While Rose's mother told him at a young age that Stephen Sonson was his father, she did not attempt to have Sonson's paternity established in Florida either before Rose attained majority on December 25, 1982, or before section 742.011 was amended in 1986.

In 1986, and at the same time that section 742.011 was amended to allow both putative children and putative fathers to bring suit to establish paternity, section 95.11(3)(b) of the Florida Statutes was amended to impose a four year time limit to "run[] from the date the child reaches the age of majority" on such actions. Ch. 86-220, § 139, at 1716, Laws of Fla. While only a short time remained under this provision for Rose to bring suit to establish paternity, he did not do so.

Sonson died intestate on June 21, 2012, leaving behind two daughters, Meredith Sonson and Jennifer Sonson, and a son, Adam Sonson. On January 29, 2013, as co-personal representatives for Sonson's estate, the daughters filed a petition for administration of Sonson's intestate estate in probate court. Rose appeared and filed a counter-petition to determine beneficiaries, claiming to be a surviving son of the decedent and therefore a rightful beneficiary of the estate.

On September 29, 2014, the co-personal representatives moved to dismiss Rose's counter-petition, claiming that the four year statute of limitations period for maintaining a paternity action had expired for the reasons set forth by the Florida Supreme Court in In re Estate of Smith, 685 So. 2d 1206 (Fla. 1996). Following a

3

hearing on the motion, the trial court dismissed Rose's counter-petition concluding: (1) that the 2009 amendment to section 732.108(2)(b) of the Florida Statutes which eliminated the four year statute of limitations previously applicable to paternity determinations could not revive Rose's already extinguished claim; (2) that the 2009 amendment to section 732.108(2)(b) did not apply retroactively because the Florida Legislature did not express a clear intent it was to be so applied; and, (3) that any such retroactive application would constitute a violation of the decedent's and of the co-personal representatives' due process rights because Rose's claim was already extinguished. For the following reasons, we agree with the trial court and affirm.

In Smith, the Florida Supreme Court considered whether the four year limitations period generally applicable by section 95.11(3)(b) barred a sixty-year-old putative daughter from bringing a section 732.108(2)(b) paternity action in probate court to establish her right to intestate succession. Smith, 685 So. 2d at 1207-08. Therein, the Court expressly rejected the notion "that section 732.108(2)(b) creates a separate and distinct statutory cause of action [for determining paternity in probate courts] which begins to run upon the death of the putative father rather than when the child reaches the age of majority." Id. at 1208 (footnote omitted). Rather, reasoning that because section 732.108(2)(b) did not expressly remove paternity adjudications brought in probate court from the

4

provisions of section 95.11(3)(b), the Court determined that while chapter 742 recognized that paternity determinations could be made in probate proceedings, those determinations would, like all other such determinations, be subject to the general limitations period provided in section 95.11(3)(b). Id.; see § 742.10, Fla. Stat. (2016) ("Except as provided in chapters 39 and 63, this chapter provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock. If the establishment of paternity has been raised and determined within an adjudicatory hearing brought under the statutes governing inheritance . . . such adjudication . . . constitutes the establishment of paternity for purposes of this chapter.").[1] As a consequence, the Florida Supreme Court held that because more than four years had passed since the putative daughter reached the age of majority, her paternity action in the probate court was time barred. Id.

We therefore agree with the trial court that here, as in Smith, the putative child's paternity claim following Sonson's death in 2012 is time barred because more than four years has passed since Rose attained majority in 1982.

We also agree with the trial court that the 2009 amendment to section 732.108(2)(b) of the Florida Statutes, which expressly eliminated application of section 95.11(3)(b) to paternity adjudications when determining intestacy

---

[1] The Court also pointed out that while most paternity actions brought under chapter 742 "are brought in order to obtain support, any determination of paternity made in such proceedings also determines paternity for purposes of intestate succession." Smith, 685 So. 2d at 1208.

succession in probate court, does not affect this outcome. <u>See</u> Ch. 2009-115, § 2, at 1508, Laws of Fla.; § 732.108(2)(b), Fla. Stat. (2009) ("For the purpose of intestate succession . . . a person born out of wedlock . . . is also a descendant of his or her father and is one of the natural kindred of all members of the father's family, if: . . . (b) The paternity of the father is established by an adjudication before or after the death of the father. Chapter 95 shall not apply in determining heirs in a probate proceeding under this paragraph."). This is because the Florida Legislature did not make the amendment to section 732.108(2)(b) retroactive in its application[2] and applying the 2009 amendment to that provision would not have affected the outcome in any event. This is so because by the time the 2009 amendment to section 732.108(2)(b) took effect to eliminate the limitations bar previously imposed by section 95.11(3)(b), Rose's claim had long since expired, and as noted in <u>Smith</u>, "[o]nce a claim has been extinguished by the applicable statute of limitations, the claim cannot be revived because a constitutionally

---

[2] <u>See, e.g.</u>, <u>Basel v. McFarland & Sons, Inc.</u>, 815 So. 2d 687, 692-93 (Fla. 5th DCA 2002) (finding that while the enacting legislation demonstrated the legislature's intent that an amendment be applied to existing causes of action, there was nothing therein establishing a clear intent that the amendment be applied retroactively); <u>see also</u> <u>Metro. Dade Cty. v. Chase Fed. Hous. Corp.</u>, 737 So. 2d 494, 499 (Fla. 1999) ("[I]f a statute attaches new legal consequences to events completed before its enactment, the courts will not apply the statute to pending cases, absent clear legislative intent favoring retroactive application."); <u>Hassen v. State Farm Mut. Auto. Ins. Co.</u>, 674 So. 2d 106, 108 (Fla. 1996) ("It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively.").

protected property right to be free from the claim has vested in the defendant." <u>Id.</u> at 1210; <u>see also</u> <u>Wiley v. Roof</u>, 641 So. 2d 66, 68 (Fla. 1994) ("Once the defense of the statute of limitations has accrued, it is protected as a property interest just as the plaintiff's right to commence an action is a valid and protected property interest. . . .  Florida's statute of limitations, section 95.011, bars all action unless commenced within designated times. . . . Once an action is barred, a property right to be free from a claim has accrued.").

Thus, while section 732.108(2)(b) as amended in 2009 provided relief to similarly situated individuals with existing causes of action by eliminating the four year statute of limitations imposed by section 95.11(3)(b) on paternity determinations in probate proceedings to determine intestate succession going forward, this amendment provides no relief to those such as Rose whose claims had already expired by the time the amendment became law.  <u>See</u> <u>Smith</u>, 685 So. 2d at 1210 ("[T]he 1986 amendment [to section 95.11(3)(b) to extend the limitations period for bringing paternity actions] provides Scruggs no solace because even under its terms her claim had long since expired."); <u>Wiley</u>, 641 So. 2d at 68 ("The Legislature has the power to increase a prescribed period of limitation and to make it applicable to *existing* causes of action provided the change in law is effective *before the cause of action is extinguished by the force of*

7

*a pre-existing statute.*") (quoting <u>Walter Denson & Son v. Nelson</u>, 88 So. 2d 120, 122 (Fla. 1956) (emphasis supplied))).

Accordingly, we affirm the final order dismissing with prejudice Rose's amended counter-petition for paternity.

Affirmed.