# Third District Court of Appeal

**State of Florida**

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2100
Lower Tribunal Nos. 16-2347 & 16-2601

_____

**Frederick Tyrone Dixon, etc.,**
Appellant,

vs.

**Cheryl Dixon Bellamy,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Holland & Knight LLP, and Frances G. de la Guardia, Christopher N. Bellows, and Lee P. Teichner, for appellant.

Hoffman & Hoffman, P.A., and Teresa A. Hoffman and Sean Langton; Boldt Law Firm, and Kimberly Boldt, Mario R. Giommoni, Cody L. Frank, and Ryan C. Tyler (Boca Raton), for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

SUAREZ, J.

Frederick Tyrone Dixon, as the personal representative of the decedent Fred Dixon ("Personal Representative"), appeals from the trial court's order granting

Cheryl Dixon Bellamy's Motion for Re-Hearing to determine her right to establish paternity. We reverse.

Fred Dixon ("Decedent") died intestate on May 26, 2016. A Petition for Administration was filed thereafter in probate court to administer the estate, along with an affidavit of heirs. The affidavit of heirs showed that Frederick Tyrone Dixon was the only child of the decedent. Subsequently, Frederick Tyrone Dixon was appointed as the Personal Representative of the Decedent's estate.

On June 24, 2016, Cheryl Dixon Bellamy ("Bellamy") filed an action in probate court to determine her heirship, in which she claimed to be a biological daughter of the Decedent and that she was a beneficiary of the Decedent's estate. Bellamy was born on November 4, 1959 to Mazie Corean Jackson Billings out of wedlock. Bellamy's birth certificate does not identify her father, but she was given the last name "Dixon" at birth. Her mother allegedly had an exclusive sexual relationship with the Decedent at the time of her birth. According to Bellamy, the Decedent openly acknowledged her as his daughter by expressing an interest in adopting her and paying for her college education. Further, an Avuncular DNA Test performed in 2017 produced a 99.8% likelihood that the Decedent's brother is Bellamy's uncle.

In response, the Personal Representative of the Decedent's estate filed a Motion for Summary Judgement, contending that Bellamy's action to establish herself as the Decedent's heir was barred by the statute of limitations. The statute

2

of limitations under section 95.11, Florida Statutes required Bellamy to have brought the action within four years upon reaching the age of maturity— that is, when she was eighteen years of age. The trial court initially granted the Personal Representative's Motion for Summary Judgment finding <u>Rose v. Sonson</u>, 208 So. 3d 136 (Fla. 3d DCA 2016) and <u>In re Estate of Smith</u>, 685 So. 2d 1206 (Fla. 1996) dispositive of the issue.

Thereafter, Bellamy moved for rehearing on the basis that <u>Rose</u> was wrongly decided and that the rules of statutory construction allowed her claim to determine heirship because the Florida Legislature carved out a new cause of action in the 2009 amendment to section 732.108(2)(b), Florida Statutes. The trial court granted this motion, vacated its prior order and denied the Personal Representative's Motion for Summary Judgment.

We disagree with the trial court's conclusion that <u>Rose</u> was wrongly decided. The <u>Rose</u> court held that the Florida Legislature did not make the amendment to section 732.108(2)(b) retroactive in its application. In Bellamy's case it is equally certain that applying the 2009 amendment to that provision would not have affected the outcome. As <u>Rose</u> provides,

> This is so because by the time the 2009 amendment to section 732.108(2)(b) took effect to eliminate the limitations bar previously imposed by section 95.11(3)(b), Rose's claim had long since expired, and as noted in <u>Smith</u>, "[o]nce a claim has been extinguished by the applicable statute of limitations, the claim cannot be revived because a constitutionally protected property right to be free from the claim has vested in the defendant." <u>Id</u>. at 1210; <u>see also</u> <u>Wiley v. Roof</u>, 641 So.

2d 66, 68 (Fla. 1994) ("Once the defense of the statute of limitations has accrued, it is protected as a property interest just as the plaintiff's right to commence an action is a valid and protected property interest. . . . Florida's statute of limitations, section 95.011, bars all action unless commenced within designated times. . . . Once an action is barred, a property right to be free from a claim has accrued.").

Thus, while section 732.108(2) (b) as amended in 2009 provided relief to similarly situated individuals with existing causes of action by eliminating the four year statute of limitations imposed by section 95.11(3)(b) on paternity determinations in probate proceedings to determine intestate succession going forward, this amendment provides no relief to those such as Rose whose claims had already expired by the time the amendment became law.

Rose, 208 So. 3d at 139–40. Accordingly, as there is no explicit statutory language in the 2009 amendment to section 732.108(2)(b) to indicate that the Florida Legislature intended to create a new and separate cause of action that would not be subject to the statute of limitations, Bellamy's right to establish paternity was extinguished in 1981—four years after she reached the age of maturity.

Accordingly, we reverse the order granting Bellamy's Motion for Rehearing and vacating the Personal Representative's Motion for Summary Judgment, and remand for entry of judgment in favor of the Personal Representative Dixon.